**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| SUNIL KUMAR BAMMI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **Civil Action No.** |
| v. | ) | **26-11594-FDS** |
| | ) | |
| PATRICIA HYDE, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

### MEMORANDUM AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

**SAYLOR, J.**

This is a habeas petition that concerns the government's authority to hold a noncitizen pending removal proceedings. Petitioner Sunil Kumar Bammi is an Indian national who has resided in the United States since 1990.

On March 27, 2026, petitioner was taken into ICE custody. He contends that his continued detention without an individualized bond hearing violates his procedural due-process right and is not authorized by statute.

To be clear, this Court is without the authority to determine whether petitioner should be removed from the United States; that is a matter for the immigration courts. Nonetheless, and for the reasons that follow, the Court agrees that petitioner is being detained without lawful authority, and therefore will order that he be granted a bond hearing before an immigration judge.

### I.    Background

Sunil Kumar Bammi, an Indian national, entered the United States in March 1990. (Pet. ¶ 1). He has resided in the United States continuously since that time. (*Id.*). He is now married

to a U.S. citizen and has two U.S. citizen children, one of whom filed an immediate-relative petition on his behalf, which was approved in 2024. (*Id.*). He resides in New York, but is currently detained at Plymouth County Correctional Facility in Plymouth, Massachusetts. (*Id.* ¶¶ 6, 12).

Petitioner's immigration history is somewhat unclear: the petition does not allege whether he initially entered the United States lawfully or unlawfully, but it does mention that he applied for asylum in 1993, which was apparently rejected, as he was then ordered removed *in absentia*. (*Id.* ¶ 3). The petition alleges that "multiple removal proceedings" were later commenced against petitioner, but that they were all "terminated or dismissed." (*Id.* ¶ 4). Petitioner also has a pending application with USCIS for adjustment of status. (*Id.* ¶ 2).

Petitioner was taken into custody by Immigration and Customs Enforcement agents on March 27, 2026. (*Id.* ¶ 19).

The respondents are Patricia Hyde, New England Field Office Director, U.S. Immigration and Customs Enforcement; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement; Markwayne Mullin, U.S. Secretary of Homeland Security; Joseph D. McDonald, Jr., Sheriff, Plymouth County Correctional Facility; and Todd Blanche, Acting Attorney General of the United States. (*Id.* ¶¶ 13-17).[1]

---

[1] The Court notes that "the person who has custody over [the petitioner]" is the only proper respondent in habeas. 28 U.S.C. § 2242; *see Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000) ("[A]n alien who seeks a writ of habeas corpus contesting the legality of his detention by the INS normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained."); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). Todd Lyons, Markwayne Mullin, and Todd Blanche are national officials and have no direct supervision over ICE detainees in Massachusetts. The Court will therefore dismiss the claims against those respondents.

The Court will not, however, dismiss the petition for failure to name Antone Moniz, superintendent of Plymouth County Correctional Facility, as a respondent. (*See* Dkt. No. 6 at 1 n.1). To the extent that the immediate-custodian rule serves to channel habeas challenges into the proper venue, no purpose would be served by dismissing

On April 6, 2026, the Court ordered that petitioner not be moved outside this District without prior notice until further order of the Court.  (Dkt. No. 4 at 2-3).

On April 13, 2026, respondents answered the petition.  (Dkt. No. 6).  Respondents conceded that "the legal issues presented in this Petition are similar to those recently addressed by this Court in *Dume Rivera v. Moniz*," and that "[s]hould the Court follow its reasoning in *Dume Rivera*, it would reach the same result here."  (*Id.* at 1-2).

II.    **<u>Analysis</u>**

The basis for petitioner's continued detention is unclear, even following the government's response.  The petition does not allege whether petitioner initially entered the country lawfully or unlawfully.  If he initially entered lawfully, then, as the government has acknowledged in other cases, he could not be subject to mandatory detention under § 1225(b), and would be subject to detention only under § 1226(a).  *See, e.g.*, *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 504-05 (5th Cir. 2026) ("[Section 1226(a)] applies to admitted aliens who overstay their visas, become deportable on many different grounds, or were admitted erroneously due to fraud or some other error."); Respondents' Opposition, *Rosa v. Hyde*, No. 26-cv-11099, Dkt. No. 7 (D. Mass. Mar. 9, 2026) (conceding that noncitizen who overstayed visa was subject to detention only under § 1226(a) and therefore "not contest[ing] that [p]etitioner can seek release from detention via a bond hearing").

Even if petitioner initially entered the country unlawfully, however, his detention would now be governed by § 1226(a).  For the reasons discussed in the Court's decision in *De Andrade v. Moniz*, 802 F. Supp. 3d 325 (D. Mass. 2025), and those of hundreds of courts across the

---

the petition, which properly names Joseph D. McDonald, sheriff of Plymouth County, and requiring petitioner to refile, when any refiled petition would properly be brought in this same court.

country, *see Barco Mercado v. Francis*, 2025 WL 3295903, at *4, app. A (S.D.N.Y. Nov. 26, 2025) (collecting 350 cases decided by more than 160 different judges), noncitizens who unlawfully entered the United States but have resided in the country for a substantial period of time are subject to discretionary detention under § 1226(a), not mandatory detention under § 1225(b). Because petitioner has already entered and resides in the United States, he is not an "applicant seeking admission" under § 1225, and his detention under that provision is therefore "in violation of the . . . laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

Because petitioner can be held, if at all, only under § 1226(a), he is entitled to a hearing at which the government must "either (1) prove by clear and convincing evidence that [the detainee] poses a danger to the community or (2) prove by a preponderance of the evidence that [he] poses a flight risk." *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (explaining that federal regulation requires that § 1226(a) detainees "receive bond hearings at the outset of detention" (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))). Therefore, and because respondents have not offered another authority for petitioner's detention, the Court will grant the petition and order respondents to promptly provide petitioner with an individualized bond hearing pursuant to *Hernandez-Lara v. Lyons*.

III.    **Conclusion and Order**

Accordingly, and for the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED. Respondents are hereby ORDERED to either release petitioner or provide him a constitutionally adequate bond hearing pursuant to *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021) no later than April 22, 2026. The claims against respondents Todd Lyons, Markwayne Mullin, and Todd Blanche are DISMISSED.

4

**So Ordered.**

/s/  F. Dennis Saylor IV

F. Dennis Saylor IV

Dated:  April 15, 2026          United States District Judge